IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| REGIONS FINANCIAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| WILLIAM H. BERRELL | ) ) |
| Defendant. | ) |

Civil Action No.

JURY DEMAND

## VERIFIED COMPLAINT

Plaintiff, Regions Financial Corporation ("Regions"), by its undersigned attorneys, hereby brings the following Verified Complaint for temporary, preliminary and permanent injunctive relief and damages against Defendant, William H. Berrell ("Berrell") and in support thereof avers as follows:

### PARTIES

1. Plaintiff, Regions Financial Corporation is an Delaware Corporation maintaining its principal place of business in Birmingham, Alabama. Regions also transacts business at 315 Deaderick Street, Suite 600, Nashville, TN 37238.

2. William H. Berrell is believed to be a resident and citizen of this judicial district. Berrell currently is employed by US Bank at its office located at 150 4th Avenue North, Nashville, Tennessee 37219. Upon information and belief, Berrell is currently employed as a Relationship Manager in US Bank's healthcare group.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1331 and 1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant is believed to reside within this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

## FACTS

1.  Regions is in the highly competitive business of providing consumer and commercial banking, trust, securities brokerage, mortgage and insurance products and services in 16 states, throughout the South, Midwest and Texas.

2.  Regions has numerous competitors in the consumer and commercial banking industry. Its competitive edge is dependent upon maintaining and utilizing certain confidential information that Regions has developed at its expense over the course of its existence.

3.  Regions business information is valuable and is maintained with secrecy. Information about its customers, suppliers or distributors is closely guarded, confidential business information. Customer financial information, including customer net assets and liabilities, as well as customer needs, customer decision maker identity, customer requirements and preferences, and customer growth goals are all confidential information that could not be ascertained by competitors. Such information is extremely valuable to Regions

4.  To ensure that Regions is able to remain competitive in its industry, Regions discloses a significant amount of its confidential, proprietary, and trade secret information to its officers, directors and employees who need such information for the completion of their duties. The confidential, proprietary, and trade secret information provided to these employees includes but

is not limited to Regions' business operations, business plans and strategies; Regions' budgets, projections and price lists; customer information including customer identities, assets, liabilities, needs and goals; Regions' business formulas, programs, methods, and techniques; information about Regions' technology and systems; and another information or process that would be harmful to Regions if disclosed to its competitors.

5. Regions' confidential, proprietary, and trade secret information, which is maintained in both electronic and hard copy forms, was compiled through and by the use of Regions' ingenuity, time, marketing, and product development strategies, pricing, labor, expense, investigation, and experience, rendering this information a vital asset of Regions.

6. Regions takes appropriate steps to protect its confidential, proprietary, and trade secret information, its customer base, and its goodwill. Specifically, Regions requires all of its employees, including its officers, directors and associates, to agree to and comply with its Code of Business Conduct and Ethics which sets forth the internal policies wherein confidential, proprietary, and trade secret information is protected from unnecessary disclosure to third parties. All employees are required to sign an acknowledgement that they have reviewed and agreed to comply with the Code of Business Conduct and Ethics and the policies set forth therein. In addition, all Regions associates are required to undergo extensive training on Regions "Information Security and Consumer Privacy" policies. Employee access to certain corporate and/or consumer information is limited on a need to know basis. Regions' conducts internal audits designed to track associate access to confidential corporate and customer information. Employees who exceed their authorized access to access or renew confidential corporate and consumer information are subject to termination.

7. In addition to the above provisions, the Code of Business Conduct and Ethics also prohibits employees from creating conflicts of interest and self-dealing, specifically stating that an employee may not allow his or her judgment to be improperly influenced by any person or activity outside of Regions; compete against Regions; divert business away from Regions; harm Regions' reputation; or obtain personal benefit at Region's expense.

8. Regions hired defendant Berrell on or about October 2, 2000 as a Relationship Manager in the company's Nashville, Tennessee office. Regions subsequently promoted and transferred Berrell to the position of Senior Vice President Healthcare Division in its Commercial Bank Group based in the company's Birmingham, Alabama location.

9. Region's Healthcare Division maintains credit and non-credit relationships with healthcare enterprises in Regions' markets. The Healthcare Division provides creative solutions to meet Regions' current and prospective clients' financial needs in a timely and responsive manner.

10. As a Senior Vice President in the Healthcare Division, Berrell was responsible for working with local relationship managers calling on Healthcare prospects and clients in an effort to meet their financial needs. He was also responsible for all of the credit needs for the Healthcare Division clients with whom he worked. Berrell remained in this position until he resigned on May 25, 2007.

11. All existing or potential customer contact information; marketing or business ideas or improvements; particularized client needs; pricing requirements or limits; budgets; computerized databases; and/or business contacts that relate to Regions's current and foreseeable future

4

business activities developed by Regions, including those developed through Berrell, during Berrell's employment with Regions is the property of Regions.

12. As a condition of Berrell's employment, he agreed to abide by the Code of Business Conduct and Ethics, including the policies regarding the protection of proprietary and confidential information. Accordingly, Berrell agreed to maintain the confidentiality of Regions' confidential, proprietary, and trade secret information and refrain from using or disclosing that information to any third party both during and after his employment with Regions. A true and accurate copy of the Code of Business Conduct and Ethics and Berrell's acknowledgement are attached as Exhibits "A" and "B" to this Verified Complaint.

13. As a condition of his employment, Berrell also agreed to abide by Regions' policies regarding the use of Regions' email and computer systems. Specifically, Berrell agreed that the use of the company's email systems are primarily for business purposes. Under Regions' policy, incidental use of email for personal use should be kept to a minimum and never result in an expense to the Company or interfere with business activities.

14. Regions prohibited its employees from copying any information including customer and proprietary information to removable media without approval from the information owner and approved encryption; saving or storing Regions confidential customer information on home personal computers; and sending or posting sensitive, non-public or confidential information relating to Regions' customers, customer infrastructure or business records or processes and plans without proper authorization. A true and correct copy of Regions' 2007 Communications and Computer Use policy is attached as "Exhibit C" to this Verified Complaint.

5

15. Regions would not have provided Berrell access to its computer systems, databases, customer financial information, programs, and other confidential, proprietary, and trade secret information if he had not agreed to maintain the confidentiality of that information and refrain from using or disclosing the information to any third party.

16. In the scope of his employment with Regions, Berrell received Regions' confidential, proprietary, and trade secret information, including but not limited to the following customer financial and needs information: (a) Regions' internal financial analysis for Region's customers, (b) internal communication and documentation regarding Regions's customers, including the Company's strategic ideas regarding the customer's business and goals, (c) Regions' pricing strategy, and (d) information related to Regions' hold strategy for its customers and their various participants. As a member of Regions' senior leadership, Berrell was also privy to information regarding Regions' merger with AmSouth Bank, including new products and programs. Individuals outside Regions' senior leadership were not privy to this information. Berrell was also a participant in Regions' Quarterly Earnings Calls, during which Regions' President and Chief Executive Officer, C. Dowd Ritter would discuss the Company's financial condition. Only members of Regions senior leadership are permitted to participate in such calls. This information gives Regions an opportunity to gain advantage over its competitors who do not have authorized access to such information.

17. Pursuant to the Code of Business Conduct and Ethics and his duty of loyalty to Regions as an officer of the Company, Berrell was prohibited from engaging in any unauthorized use of Regions confidential, proprietary, and trade secret information or from divulging this information.

18.     Pursuant to the Code of Business Conduct and Ethics and duty of loyalty to Regions, Berrell was also required to immediately return all documents, including any documents (including those in electronic form) containing any Regions confidential, proprietary, and trade secret information to Regions upon his separation from employment.

19.     As a Senior Vice President and key employee of Regions, Berrell received extensive support and access to Regions confidential, proprietary, and trade secret information, including, but not limited to, the information described in Paragraph 16 of this Verified Complaint, and actually used that information regularly in the performance of his responsibilities for Regions.

20.     Berrell's personal email account is "whberrell@yahoo.com."

21.     Beginning on or about March 2007 and continuing through his last day of employment, Berrell, through access to Region's computer system and electronic mail, began forwarding electronic mail messages between himself and other Regions employees to his personal email account. These messages contained information regarding Regions' business practices and financial information regarding certain of Regions' customers.

22.     The following are examples of emails that were forwarded from Berrell to his personal email account:

    a.     Email dated March 9, 2007 regarding a revised preliminary business report, summarizing and analyzing a potential loan opportunity for a Regions' customer, as well as a spreadsheet analysis and amortization table for the customer.

    b.     Email dated March 12, 2007, regarding covenants, collateral options and pricing options for a customer.

7

c. Email dated April 3, 2007, regarding a "bid opportunity" with a potential customer

d. Email dated April 30, 2007, regarding Regions' attempt to develop a relationship with a potential customer; and

e. Email dated April 25, 2007, regarding one of Regions' healthcare clients.

Regions will make copies of these available for the Court's *in camera* review and/or submit these documents under seal.

23. Berrell resigned from his employment with Regions on May 25, 2007 to accept a position and with a Regions' competitor, US Bank, in its Nashville office. Upon information and belief, Berrell is employed in a similar capacity in US Bank's healthcare group.

24. On or about May 30, 2007, Berrell forwarded a loan and collateral portfolio for a Regions customer from his personal account to a Regions employee in Nashville. Regions will make this email available for the Court's *in camera* review and/or submit the email under seal.

25. On or about June 8, 2007, a Regions employee contacted the Company's Ethics and Compliance Reporting hotline. The employee, who desired to remain anonymous, reported seeing an employee in Regions' Nashville office taking a file regarding a Regions customer to Berrell at the U.S. Bank offices in Nashville, Tennessee. Following this call, the anonymous employee later informed Regions the Nashville employee said that she was taking a client's file to Berrell because he needed copies of certain documents contained in the file. The Nashville employee later insisted that the information was part of a joint transaction between Regions and US Bank and denied any wrong doing. Regions has been unable to verify the contents or nature

of the file materials that were taken to Berrell at US Bank or that the information did, in fact, pertain to a joint transaction between Regions and US Bank.

26. Upon information and belief, Berrell has and may unlawfully use and disclose without authorization Regions' confidential, proprietary and trade secret information, including computer programs and other electronic information for his own personal and monetary gain, thus damaging Regions.

27. Berrell breached his duty to maintain the secrecy of Regions' confidential and trade secret information.

28. Berrell engaged in unauthorized access to Regions' computer and email system for the purpose of obtaining Regions' confidential and trade secret information for his own personal gain.

29. Upon information and belief, Berrell is now competing or is preparing to compete with Regions using Regions' confidential customer information to unfairly solicit Regions customers and aid Regions' competitor, U.S. Bank.

## CAUSES OF ACTION

### COUNT 1 - INJUNCTIVE RELIEF

30. The allegations contained in Paragraph 1- 29 are incorporated herein by reference.

31. Berrell's conduct constitutes a misappropriation of trade secrets, breach of Berrell's duty of loyalty, conversion, and intentional access of a protected computer without authorization.

32. The irreparable harm to Regions is overwhelming and outweighs any harm suffered by Berrell based upon the relief sought. Regions is entitled to injunctive relief because there will be irreparable harm to Regions should Berrell continue to utilize its business information in

competition with or in preparation to compete with Regions.

33. The losses that will be suffered by Regions as a result of Berrell's conduct cannot be fully or adequately compensated in money damages, and Regions does not have an adequate remedy of law.

34. Greater injury will be inflicted on Regions by the denial of injunctive relief than would be inflicted upon Berrell by the granting of such relief. The public will benefit by issuance of an injunction.

WHEREFORE, Plaintiff, Regions seeks injunctive relief against Berrell as will be specified in a motion for temporary restraining order filed herewith.

## COUNT II

### MISAPPROPRIATION OF TRADE SECRETS AND VIOLATION OF THE TENNESSEE UNIFORM TRADE SECRETS ACT

35. The allegations contained in Paragraphs 1- 34 are incorporated herein by reference.

36. Regions' customer information, business information, business projections and financial information all constitute trade secrets within the meaning of the Tennessee Uniform Trade Secrets Act, T.C.A. §§ 47-25-1701 *et seq*.

37. Berrell has used such information and is continuing to use such information, in competition with Regions. Such use constitutes a misappropriation under T.C.A. §47-25-1702(2).

38. Such information was obtained by improper means within the meaning of T.C.A. §47-25-1702(1).

39. Such misappropriation of trade secrets has damaged Regions and/or will continue to damage Regions.

40. In addition to injunctive relief, Regions is entitled to damages, pursuant to T.C.A. §47-25-1704(a).

41. Such misappropriation was willful and malicious within the meaning of T.C.A. §47-25-1704(b), such that exemplary damages in an amount of twice the award under T.C.A. §47-25-1704(a) should be awarded to Regions.

42. Such misappropriation is willful and malicious within the meaning of T.C.A. §47-25-1705(3), such that attorneys' fees should be awarded to Regions.

WHEREFORE, Plaintiff, Regions seeks injunctive relief and damages, including exemplary damages and attorneys' fees against Berrell in an amount to be proved at trial.

## COUNT III

### BREACH OF DUTY OF LOYALTY

43. The allegations contained in Paragraphs 1- 42 are incorporated herein by reference.

44. As an officer and employee of Regions, Berrell had a duty of loyalty to act only in the best interests of Regions, while employed by Regions and thereafter to maintain the secrecy of Regions confidential, proprietary and trade secret information and not to act in unfair competition with Regions or to aid or assist a competitor of Regions based upon use or dissemination of Regions confidential information.

45. By taking Regions confidential, proprietary and trade secret business information; by transmitting such information to his personal computer in violation of Region's policy, Berrell violated his duty of employee loyalty that he owed to Regions.

46. As a consequence of the foregoing, Regions has suffered and/or will continue to suffer irreparable harm and loss, and damages.

11

Case 3:07-cv-00649    Document 1    Filed 06/18/07    Page 11 of 15 PageID #: 28

WHEREFORE, Plaintiff Regions seeks injunctive relief and damages against Berrell in an amount to proved at trial.

## COUNT IV

### CONVERSION

47. The allegations contained in Paragraphs 1- 46 are incorporated herein by reference.

48. The financial information and documents pertaining to Regions and its customers or potential customers, both paper and electronic, that were forwarded from Berrell to his personal email account, were all the property of Regions and were property to which Berrell had and have no possessory right. Berrell wrongfully converted such items.

WHEREFORE, Plaintiff Regions seeks damages against Berrell in an amount to be proved at trial.

## COUNT V

### VIOLATION OF 18 U.S.C. §1030

49. The allegations contained in Paragraphs 1-48 are incorporated herein by reference.

50. Berrell has wrongfully and intentionally, without authority, accessed and/or caused the transmission of information from Regions' computers and/or computer systems used in interstate commerce and obtained information for such computers, including customer information and confidential business secrets of Regions, which conduct involved interstate communications and as a result of such conduct caused damage.

51. Berrell wrongfully and intentionally, without authority and with intent to defraud, accessed and/or caused the transmission of information from Regions' computers and/or computer systems used in interstate commerce and communication and by means of such

conduct furthered the intended fraud and obtained information of over $5,000 in value, including proprietary business information of Regions and customer information.

52. Such actions of Berrell are in violation of the Computer Fraud and Abuse Act of 1986, 18 U.S.C.§1030 *et seq.* (CFAA)

53. Pursuant to 18 U.S.C. §1030(g) Regions is entitled to injunctive and/or other equitable relief as well as compensatory damages.

54. As a direct and proximate result of Berrell's conduct in violation of the CFAA, Regions has suffered and/or will continue to suffer damages which are not fully ascertainable at this time, but which Regions will show more specifically at trial.

55. As a consequence of Berrell's wrongful conduct, to the extent he has derived illicit profits, he owes Regions an accounting and, along with any interest thereon, he must disgorge these profits.

56. Berrell's conduct in violation of the CFAA will continue unless enjoined by this Court. Regions is without adequate remedy at law and is threatened with irreparable loss, injury and damage unless the Court grants the equitable relief requested.

WHEREFORE, Regions prays for relief as follows:

a) That this Court take jurisdiction of the parties and the subject matter hereof;

b) That judgment be entered for Regions and against Berrell granting temporary, preliminary and permanent injunctive relief, including an order enjoining Berrell immediately from further conduct constituting a misappropriation of trade secrets, dissemination of confidential business information (including return of all Regions property and information), and continued violation of the CFAA,

including that Berrell be enjoined immediately from destroying or deleting any confidential information in his possession, custody, or control, in electronic or document form and that Berrell immediately make any and all computers in his possession, custody or control on which such information is stored available for Regions' inspection;

c) That judgment be entered for Regions and against Berrell for restitution, including the return of all salary and benefits paid or provided by Regions to Berrell during the period of his breach of duty of loyalties;

d) That judgment be entered for Regions and against Berrell for profits, together with interests thereon, lost by Regions as a consequence of Berrell's wrongdoings;

e) that judgment be entered for Regions and against Berrell for compensatory damages and punitive damages in an amount to be ascertained and established at trial;

f) that Regions be awarded exemplary damages under the Tennessee Uniform Trade Secrets Act;

g) that Regions be awarded its attorneys' fees and litigation costs and have such other and further relief as the Court may deem just and proper.

h) a trial by jury for all issues so triable.

Dated this 13 day of June 2007.

                Respectfully submitted,

                OGLETREE, DEAKINS, NASH,
                SMOAK & STEWART, P.C.

                Keith D. Frazier (BPR # 12413)
                Kathryn Sawtelle Caudle (BPR # 20677)
                Sun Trust Center, Suite 800
                424 Church Street
                Nashville, TN 37219
                (615) 254-1900
                (615) 254-1908 (Facsimile)

                Attorneys for Plaintiff

## VERIFICATION

I do hereby certify under oath that I have read the foregoing Verified Complaint, that I have personal information of the facts as stated, and that it is true and correct to the best of my knowledge, information and belief.

Sworn and subscribed to me this 15th day of June, 2007.

_____
NOTARY PUBLIC

My Commission Expires: MY COMMISSION EXPIRES MARCH 20, 2010

*[Seal: JANELLE AARON, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY]*

15